UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>ADLER GROUP, INC.<br><br>Debtor | Case No. 17-02727-MCF11<br><br>Chapter 11 |

**OMNIBUS OBJECTION TO CLAIMS BASED ON LACK OF SUPPORTING INFORMATION AS REQUIRED BY RULE 3001(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO THE HONORABLE UNITED STATES
BANKRUPTCY COURT:

COMES NOW Debtor, represented by the undersigned counsel, and very respectfully avers and prays as follows:

1. On April 20, 2017, Debtor filed a voluntary petition under the provisions of Chapter 11 of the Bankruptcy Code [Dkt. No. 1]. Debtor continues to operate its business and manage its affairs as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. 157 (b) (2).

3. The statutory bases for the relief sought herein are §§102, 105, and 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy procedure.

4. Prior to the commencement of the case Debtor maintained, in the ordinary course of business, books and records reflecting its creditors and the amount owed thereto.

5. Debtor has conducted a review of the Proof of Claim No. 1-1 through 15-1 and compared them to its books and records, and has identified a number that are objectionable on the basis that they were filed without supporting information as required by Rule 3001 of the Federal Rules of Bankruptcy Procedure ("FRBP"). Therefore, Debtor objects to the allowance of the claims listed below.

6. Claimants receiving this objection should locate their names and claims, where they will

find the grounds for the objection to each. The list is organized alphabetically and identifies the classification of the claim as it was filed by each claimant, as directed by FRBP 3007(e).

| Claimant | P.O.C.# | Total Amount Claimed | Classification of Claim by Claimant | Amount Expected to be Allowed | Reason for Objection |
|---|---|---|---|---|---|
| AIG Property Casualty, Inc. | 10-1 | Unliquidated | Unsecured | $0 | Upon a review of the claim, the P.O.C. fails to set forth a claim, and contains no evidence in support of any claim. The proof of claim was not filed in accordance with the provisions of the Bankruptcy Rules, and, as such, it does not meet the standard to constitute prima facie evidence of the validity or extent of any alleged claim or amount purportedly owed. Furthermore, the proof of claim asserts no right to payment and contains no evidence in support of a claim, i.e., contract or agreement, or an itemized statement of account upon which the asserted claim is based. As such, the claim should be disallowed. |
| American Express Bank, FSB | 2-1 | $21,514.60 | Unsecured | $0 | Upon a review of the claim, the P.O.C. was filed without supporting information as required by Rule 3001 of the Federal Rules of Bankruptcy Procedure, thus this P.O.C. was presented in a form that does not comply with applicable rules, and the Debtor is unable to determine the validity of the claim because of the noncompliance. As such, the claim should be disallowed. |
| Caguas Uniform | 15-1 | $12,302.75 | Unsecured | $0 | Upon a review of the claim, the P.O.C. contains no evidence in support of the claim, i.e., contract, agreement or court judgment evidencing the |

2

| | | | | | |
|---|---|---|---|---|---|
| | | | | | purported claim, in accordance with the provisions of the Bankruptcy Rules. As such, the claim should be disallowed. |
| Cristino Paniagua Rosario | 7-1 | $57,500.00 | Unsecured | $0 | Upon a review of the claim, the P.O.C. contains no evidence in support of the claim, i.e., contract or agreement evidencing the purported loan, or an itemized statement of account upon which the asserted claim is based, in accordance with the provisions of the Bankruptcy Rules. As such, the claim should be disallowed. |
| Eric Alvarez Menendez | 12-1 | $113,302.94 | Unsecured | $0 | Upon a review of the claim, the P.O.C. contains no evidence in support of the claim, i.e., contract or agreement authorizing the charges and fees included in the claim and evidencing the basis of the purported claim, an itemized statement of account as of the date of the filing of Debtor's voluntary petition with the amount of the debt before the bankruptcy filing date, upon which the asserted claim is based, in accordance with the provisions of the Bankruptcy Rules. As such, the claim should be disallowed. |
| Eric Alvarez Menendez | 13-1 | $264,000.00 | Unsecured | $0 | Upon a review of the claim, the P.O.C. contains no evidence in support of a claim. The proof of claim was not filed in accordance with the provisions of the Bankruptcy Rules, and, as such, it does not meet the standard to constitute prima facie evidence of the validity or extent of any alleged claim or amount purportedly owed. |

3

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Furthermore, the proof of claim contains no evidence in support of a claim, i.e., contract or agreement, or an itemized statement of account upon which the asserted claim is based. As such, the claim should be disallowed. |
| Eric Alvarez Menendez | 14-1 | $967,000.00 | Unsecured | $0 | Upon a review of the claim, the P.O.C. contains no evidence in support of a claim. The proof of claim was not filed in accordance with the provisions of the Bankruptcy Rules, and, as such, it does not meet the standard to constitute prima facie evidence of the validity or extent of any alleged claim or amount purportedly owed. Furthermore, the proof of claim contains no evidence in support of a claim, i.e., contract, agreement or judgment, or an itemized statement of account upon which the asserted claim is based. As such, the claim should be disallowed. |

**WHEREFORE**, it is respectfully that the proofs of claim listed in the preceding omnibus objection be disallowed, with any other remedy that the Court may deem just and proper.

## NOTICE

Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this objection has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an answer or other appropriate response to this objection with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no answer or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants of CM/ECF, including the Office of the United States Trustee and by regular mail pre-paid postage as per the attached list to each affected claimant.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 11th day of January 2018.

**MRO Attorneys at Law, LLC**
*Attorneys for Debtor*
PO Box 367819
San Juan, PR 00936-7819
Tel. 787-237-7440
Email: mro@prbankruptcy.com
Web: www.prbankruptcy.com


*s/ Myrna L. Ruiz-Olmo*
USDC-PR No. 223209

*s/Tomás F. Blanco Pérez*
USDC-PR No. 304910

# Matrix

National Union Fire Insurance Company of Pittsburg
Kevin J. Larner, Authorized Representation
80 Pine Street, 13th Floor
New York, NY 10005

American Express Bank, FSB
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Caguas Uniform
Gerardina Bermudez
PO BOX 434
Caguas, PR 00726

Cristino Paniagua Rosario
Lcdo. Juan R. Sierra Quinonez
PO Box 5928
Caguas, PR 00726

Eric Alvarez Menendez
Urb Los Montes
#225 Calle Golondrina
Dorado, PR 00646

L. A. Morales & Associates PSC
URB Villa Blanca
#76 Aquamarina Street
Caguas, PR 00725-1908