UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| In re: | Case No. 17-02727-MCF11 |
|---|---|
| ADLER GROUP, INC. | Chapter 11 |
| Debtor | |

**REPLY TO ERIC ALVAREZ'S OPPOSITION TO THE OMNIBUS OBJECTION**

TO THE HONORABLE COURT:

COMES NOW Debtor, represented by the undersigned attorney, and very respectfully avers and prays as follows:

1. On April 20, 2017, Debtor filed a voluntary petition under the provisions of Chapter 11 of the Bankruptcy Code [Dkt. No. 1]. Since then, Debtor has managed its affairs and continued to operate its business as debtor-in-possession, under sections 1107 and 1108 of the Bankruptcy Code.

2. On January 11, 2018, Debtor filed an omnibus objection to claims 2, 7, 10, 12, 13, 14 and 15 (the "Omnibus Objection") [Dkt. No. 78].

3. On February 12, 2018, Eric Alvarez, holder of claims 12, 13 and 14 (the "Claims"), filed a motion for extension of time of thirty (30) days to respond to the Omnibus Objection [Dkt. No. 98], which was further granted by this Honorable Court on February 13, 2018, ordering Eric Alvarez to respond by March 14, 2018 [Dkt. No. 101].

4. On March 14, 2018, the deadline for Eric Alvarez to respond to the Omnibus Objection, Eric Alvarez filed another motion for extension of time of thirty (30) days to submit supporting evidence to claims 12, 13 and 14 [Dkt. No. 131], which was further granted by this Honorable Court on February 13, 2018, ordering Eric Alvarez to respond by April 16, 2018 [Dkt. No. 146].

5. On April 16, 2018, the rescheduled deadline for Eric Alvarez to respond to the Omnibus Objection, Eric Alvarez filed an opposition to the Omnibus Objection (the "Opposition to the Omnibus Objection") [Dkt. No. 161].

6. On April 23, 2018, Debtor requested leave to reply to the Opposition to the Omnibus Objection (Dkt No. 163), which was granted by the Court allowing until today for Debtor to file reply to Eric Alvarez's opposition to Objection to claims 12, 13 & 14 (Dkt No. 165).

7. For the reasons set forth herein, Debtor requests that this Honorable Court disallows Eric Alvarez's Claims and enters an order granting Debtor's Omnibus Objection with regards to Eric Alvarez's Claims.

**A. Eric Alvarez's Claims continue to be vague, defective, and lacking information to ascertain the accuracy and basis of the claim.**

8. Debtor had conducted a review of Claims 12, 13 & 14, compared them to its books and records, and identified that they were objectionable on the basis that they were filed without supporting information as required by Rule 3001 of the Federal Rules of Bankruptcy Procedure.

9. Particularly, Claims 12, 13 & 14 contain no evidence in support of the claims, i.e., contract or agreement authorizing the charges and fees included in the claim and/or evidencing the basis of the purported claim, an itemized statement of account as of the date of the filing of Debtor's voluntary petition with the amount of the debt before the bankruptcy filing date, upon which the asserted claim is based, in accordance with the provisions of the Bankruptcy Rules. As such, Debtor assets that the Claims 12, 13 & 14 must be disallowed.

10. In the Opposition to the Omnibus Objection, Eric Alvarez does not deny that Claims 12, 13 & 14 are deficient and inaccurate, nor that they failed to abide by the Bankruptcy Rules standard, but rather attributes his failure to provide evidence in support of the claim to the alleged continued difficulties produced in claimant's records, office and home post Hurricanes

Irma and Maria. Debtor sympathizes with claimant and counsel's difficulties caused by the Hurricanes Irma and Maria. Nevertheless, claimant failed to meet the standards and requirements of the Bankruptcy Rules and meet the burden of proof required by such strict standards, and as such, Claims 12, 13 & 14 need be disallowed.

11. Eric Alvarez's Claims seek payment of alleged salary and alleged contractual and extra-contractual damages based on a contingent, disputed and unliquidated state court action against Debtor in which Debtor filed a counterclaim against Eric Alvarez for embezzlement.

12. In an attempt to cure the deficiencies of Claims 12, 13 & 14, Eric Alvarez tendered, along its Opposition to the Omnibus Objection, purported supporting documents of his claims against Debtor that contain no evidence of entitlement to the amounts claimed as there was no employment contract or agreement with the Debtor, there is no evidence of entitlement to any salary, there is no evidence of entitlement to extracontractual damages, nor there is any evidence of any payment made by Eric Alvarez to Debtor, or for the benefit of Debtor in support of his Claims.

13. The first supporting document to the Opposition to the Omnibus Objection contains a deposit of money with a payee of JM Diaz Corp and a remitter of Cristino Paniagua-Rosario. There is no reference to claimant or to Debtor. Furthermore, there is no evidence that said payment was made by claimant to Debtor, or for the benefit of Debtor in support of his Claims.

14. The second purported supporting document is a share withdrawal made by Cristino Paniagua-Rosario for the benefit of Debtor. This transaction was recognized by Debtor in state court proceedings as made by Cristino Paniagua-Rosario and said amount was further returned by Debtor to Cristino Paniagua-Rosario. There is no reference to claimant nor evidence that said payment was made by claimant to Debtor, or for the benefit of Debtor in support of his Claims.

15. The third purported supporting document is a list of checks made by EAM Administration Services, Inc. for the benefit of various individuals, none of which are Debtor. There is no reference to claimant or to Debtor. Furthermore, there is no evidence that said payment was made by claimant to Debtor, or for the benefit of Debtor in support of his Claims.

16. The fourth purported supporting document is an investment contract by and between OVM Solutions, LLC and Rene Rivera Vega which, again, includes no evidence to or for the benefit of Debtor in support of Eric Alvarez's claim. There is no reference to claimant or to Debtor. Furthermore, there is no evidence that said contract involves claimant and/or Debtor, nor that it supports any of the Claims.

17. The fifth purported supporting document is a graduation program from Caguas Military Academy which Debtor fails to comprehend how this supports Eric Alvarez's claim against Debtor.

18. The sixth purported supporting document is a receipt for a check made for the benefit of Debtor which contains no evidence that said check was made by Eric Alvarez.

19. The seventh purported supporting document is a bank statement of EAM Administration Services, Inc. which, again, includes no evidence of any payment made to or for the benefit of Debtor in support of Eric Alvarez's claim.

20. Finally, the eight purported supporting document is a copy of Debtor's own bank account statement from Banco Santander, which includes no evidence of any payment made to or for the benefit of Debtor in support of Eric Alvarez's claim

21. As has been established by Debtor. Eric Alvarez's Claims continue to be vague, defective, and lacking information to ascertain the accuracy and basis of the claim. Debtor contends that the *prima facie* validity of Eric Alvarez's Claims have been rebutted by the lack of

admissible evidence, and substance, in the supporting documents attached to the claim.

22. Eric Alvarez, as the creditor asserting the claim, has failed to comply with the burden of proof that normally comes with it, and disclose and properly advise the basis for the purported debt beyond a mere numerical discrepancy.

23. By filing his Claims, Eric Alvarez is trying to induce this court into error. Eric Alvarez is attempting to collect on a non-existent debt, misleading the court into believing that any amounts are owed.

24. Therefore, Debtor requests that this Honorable Court disallows Eric Alvarez's Claims in its entirety and enters an order granting Debtor's Omnibus Objection with regards to Eric Alvarez's Claims.

**B.   In the alternative, Debtor's liability to Eric Alvarez should be capped at a maximum of one year's compensation under the Employment Contract, by operation of section 502(b)(7) of the Bankruptcy Code.**

25. In the alternative, even though Debtor contends that Eric Alvarez was never employed by Debtor, and that claimant has no right to salary, contractual, extracontractual damages nor there is any right of reimbursement or payment whatsoever, even assuming, *arguendo*, that Eric Alvarez is a former employee of the Debtor, which Debtor vehemently denies, Debtor's liability to him should be capped at a maximum of one year's compensation by operation of section 502(b)(7) of the Bankruptcy Code.

26. In light of the foregoing, Debtor respectfully requests that this Court disallows Eric Alvarez's Claims or, in the alternative, limit the allowed amount of Eric Alvarez's Claims according to the guidelines set forth in Section 502(b)(7) of the Bankruptcy Code.

**WHEREFORE**, Debtor respectfully requests that this Honorable Court disallows Eric Alvarez's Claims in their entirety, with any further relief the court deems proper.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants of CM/ECF, including the Office of the United States Trustee.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 7th day of May 2018.

**MRO Attorneys at Law, LLC**
*Attorneys for Debtor*
PO Box 367819
San Juan, PR 00936-7819
Tel. 787-237-7440
Email: mro@prbankruptcy.com
Web: www.prbankruptcy.com


*s/ Myrna L. Ruiz-Olmo*
USDC-PR No. 223209