UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | Case No. 17-02727-MCF11 |
| ADLER GROUP, INC. | Chapter 11 |
| Debtor | |

**MOTION FOR ENTRY OF ORDER PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

TO THE HONORABLE COURT:

COMES NOW Debtor, represented by the undersigned attorney, and very respectfully avers and prays as follows:

1. On April 20, 2017, Debtor filed a voluntary petition under the provisions of Chapter 11 of the Bankruptcy Code [Dkt. No. 1]. Since then, Debtor has managed its affairs and continued to operate its business as debtor-in-possession, under sections 1107 and 1108 of the Bankruptcy Code.

2. By this Motion, the Debtor requests entry of Order determining that the Debtor's utility providers (as that term is used in Bankruptcy Code section 366 and as described herein, the "Utility Providers") are prohibited from altering, refusing, or discontinuing service on account of amounts outstanding.

3. In the ordinary course of business, the Debtor obtains water, gas, electricity, internet, telephone, and similar utility products and services (collectively, the "Utility Services") from various Utility Providers, including without limitation the Puerto Rico Electric Power Authority ("PREPA").

4. On September 6, 2017, Puerto Rico was adversely affected by Hurricane Irma. Two weeks later, on September 19, 2017, the island was directly struck by Hurricane Maria. As a direct consequence, the island suffered significant damage.

5. Specifically, as a result and since the passing of Hurricane Maria, Debtor's Utility Services

were severely impacted. Debtor suffered the interruption of electric services from PREPA from September 6, 2017 to June 1, 2018.

6. Notwithstanding, PREPA is trying to collect $20,515.06 for utilities from October 1, 2017 until June 1, 2018 which were never provided. Moreover, PREPA has threatened to discontinue its electric services to Debtor. Nevertheless, Debtor contends it does not owe PREPA for Utility Services that were never provided.

7. Therefore, Debtor also requests that the amounts claimed by PREPA, while Debtor suffered an interruption of electrical service, be eliminated from Debtor's account balance.

8. On the other hand, pursuant to clause 11 of the Net Metering Agreement by and between Debtor and PREPA, included herewith as **Exhibit A**, the parties are excused from the contractual obligations in the face of force majeure, including, but not limited to, storms and floods.

9. Uninterrupted Utility Services are essential to the Debtor's ongoing operations. Indeed, any interruption in Utility Services, even for a brief period of time, would negatively affect the Debtor's operations, customer relationships, revenues, and profits, thereby seriously jeopardizing the Debtor's going concern value and creditor recoveries. Thus, it is critical that Utility Services continue uninterrupted during this Chapter 11 Case.

10. If a disruption in the Debtor's access to Utility Services occurred, the impact on the Debtor's business operations and revenue could be extraordinary and irreparable. The relief requested herein will ensure the continuance of the Debtor's operations and a smooth transition into chapter 11.

11. The Court has the authority to grant the relief requested herein pursuant to Bankruptcy Code sections 105(a) and 366(a). Bankruptcy Code section 366(a) is designed to protect debtors from being cut off from utility services while also providing utility companies with adequate assurance that the debtor will be able to pay for post-petition services. See, H.R. Rep. No. 95-595, at 350 (1978), as reprinted

in 1978 U.S.C.C.A.N. 5963, 6306.

12. The Debtor submits that the Court has an additional basis for granting the relief requested herein pursuant to Bankruptcy Code section 105(a). Under Bankruptcy Code section 105(a), the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." The purpose of Bankruptcy Code section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01, at 105-6 (15th ed. rcv.2004).

13. Debtor submits that it is current with any and all payments for Utility Services actually provided. Debtor has a powerful incentive to stay current on its utility obligations because of its significant reliance on utility services to maintain its operations.

14. For the reasons stated above, Debtor requests that this Honorable Court enters an order prohibiting PREPA from altering, refusing, or discontinuing service on account of amounts outstanding for services that were not rendered, while eliminating from Debtor's account balance with PREPA the amount PREPA is attempting to collect discriminatorily, without actually rendering the utility service.

**WHEREFORE**, Debtor respectfully requests that this Honorable Court enters an order prohibiting PREPA from altering, refusing, or discontinuing service on account of amounts outstanding, with any further relief the court deems proper.

### NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time

3

allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants of CM/ECF, including the Office of the United States Trustee and by regular first-class mail to:

AEE  
PO BOX 363508  
San Juan, PR 00936-3508

Puerto Rico Justice Department  
Federal Litigation Division  
P.O. Box 9020192  
San Juan, Puerto Rico 00902

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 19th day of July 2018.

**MRO Attorneys at Law, LLC**  
*Attorneys for Debtor*  
PO Box 367819  
San Juan, PR 00936-7819  
Tel. 787-237-7440  
Email: mro@prbankruptcy.com  
Web: www.prbankruptcy.com

*s/ Myrna L. Ruiz-Olmo*  
USDC-PR No. 223209